**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

UNITED STATES OF AMERICA

v.                                                                Case No. 8:02-CR-88-T-30TBM

IAN SHERWOOD GARRETT,

    Defendant.
_____/

## O R D E R

Before the Court is Defendant's Petition for "Writ of Error -- Coram Nobis" Pursuant to Title 28 U.S.C. Section 1651(a) (Dkt. 82). For reasons set forth below, the Court finds that the petition should be denied.

Defendant was charged by indictment with conspiracy to distribute and to possess with intent to distribute 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine, contrary to the provisions of 21 U.S.C. § 841(a)(1), in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A)(viii) (Count I), and possession with intent to distribute 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A)(viii) (Count II) (Dkt. 15). Represented by the Federal public defender, Defendant entered into a negotiated plea agreement pursuant to which he agreed to enter a guilty plea to Count I of the indictment, and the Government agreed to dismiss Count II at sentencing (Dkt. 36). In his plea agreement, Defendant waived his right to "appeal his sentence, directly or collaterally, on any ground, . . . except for an upward departure by the sentencing judge,

a sentence above the statutory maximum, or a sentence in violation of the law apart from the sentencing guidelines" (Dkt. 36 at 12).

The Court accepted Defendant's guilty plea (Dkt. 56). On August 22, 2002, Defendant was sentenced to a term of 188 months imprisonment, to be followed by a 60-month term of supervised release, and the Government dismissed Count II of the indictment (Dkt. 66). Defendant did not file an appeal.

On April 30, 2004, Defendant requested that he be provided, without cost, a copy of portions of the record related to his conviction and sentence (Dkt. 80). The request was denied because Defendant did not have a motion pending under 28 U.S.C. § 2255, and he failed to allege sufficient facts to show that the documents and transcripts he sought were necessary to the preparation of a § 2255 motion (Dkt. 81). *See* 28 U.S.C. § 753(f). Defendant was advised that if he needed the documents and transcripts to prepare a § 2255 motion, he would have to provide the Court with a detailed indication of the issues to be raised in his motion and demonstrate that the documents and transcripts were necessary to for the preparation of the motion. Defendant did not renew his request for copies of the record or file a motion for relief pursuant to 28 U.S.C. § 2255.

Defendant did not contact the Court again until he filed the instant *coram nobis* petition on April 1, 2005 (Dkt. 82). Defendant asserts therein that his offense involved powder rather than liquid methamphetamine, so he should have been sentenced for possession or distribution of a Schedule III narcotic under 21 U.S.C. § 841(b)(1)(D) to a term of imprisonment no greater than 60 months (Dkt. 82 at 7).

The writ of *coram nobis*, available at common law "to correct errors of fact, . . . was allowed without limitation of time for facts that affect the 'validity and regularity' of the judgment, and was used in both civil and criminal cases." *United States v. Morgan*, 346 U.S. 502, 508 (1954)

(footnotes omitted).  In addressing the availability of relief in the nature of a writ of *coram nobis*, the Supreme Court held that:

> [A] writ of *coram nobis*. . . was traditionally available only to bring before the court factual errors "material to the validity and regularity of the legal proceeding itself," such as the defendant's being under age or having died before the verdict.  See *United States v. Mayer,* 235 U.S. 55, 67-68, 35 S. Ct. 16, 19, 59 LED. 129 (1914).  Moreover, "[t]he All Writs Act is a residual source of authority to issue writs that are not otherwise covered by statute.  Where a statute specifically addresses the particular issue at hand, it is that authority, and not the All Writs Act, that is controlling." *Pennsylvania Bureau of Correction v. United States Marshals Service,* 474 U.S. 34, 43, 106 S.C. 355, 361, 88 L.Ed.2d 189 (1985).  As we noted a few years after enactment of the Federal Rules of Criminal Procedure, "it is difficult to conceive of a situation in a federal criminal case today where [a writ of *coram nobis*] would be necessary or appropriate." *United States v. Smith,* 331 U.S., at 475, n. 4, 67 S.C., at 1334, n. 4. In the present case, Rule 29 provides the applicable law.

*Carlisle v. United States*, 517 U.S. 416, 429 (1996).

*Coram nobis* is an extraordinary remedy, and a court's jurisdiction to grant such relief is of limited scope. *See Moody v. United States*, 874 F.2d 1575, 1576 (1989) (finding that "[c]ontinuation of litigation after final judgment and exhaustion or waiver of any statutory right of review should be allowed through this extraordinary remedy only under circumstances compelling such action to achieve justice. . . . Such compelling circumstances exist only when the error involves a matter of fact of the most fundamental character which has not been put in issue or passed upon and which renders the proceeding itself irregular and invalid.") (citation omitted).  The Eleventh Circuit has held that:

> Federal courts have authority to issue a writ of error *coram nobis* under the All Writs Act, 28 U.S.C. § 1651(a).  The writ of error *coram nobis* is an extraordinary remedy of last resort available only in compelling circumstances where necessary to achieve justice. *See United States v. Swindall,* 107 F.3d 831, 834 (11th Cir. 1997).  A

3

> court's jurisdiction over *coram nobis* petitions is limited to the review of errors "of the most fundamental character." *Mayer,* 235 U.S. at 69, 35 S. Ct. 16. Such errors do not include "prejudicial misconduct in the course of the trial, the misbehavior or partiality of jurors, and newly discovered evidence." *Id.* In addition, courts may consider *coram nobis* petitions *only where no other remedy is available and the petitioner presents sound reasons for failing to seek relief earlier* (emphasis added). *See Morgan,* 346 U.S. at 512, 74 S. Ct. 247.

*United States v. Mills*, 221 F.3d 1201, 1203-04 (2000) (footnotes omitted) (finding that *coram nobis* relief was not available).

*Coram nobis* relief can be secured only if no other remedy is available to the applicant. *See Moody v. United States*, 874 F.2d at 1577-78 (footnotes omitted) (finding that the petitioner "should have articulated his claim of inadequate investigation . . . in his habeas corpus petition. . . . [Petitioner] has not proved that sound reasons exist for this procedural default. Therefore, there having been another remedy available for the sixth amendment violation alleged, [Petitioner] cannot now have his conviction vacated via the extraordinary writ of error *coram nobis*.") (citation omitted). Accordingly, a proceeding in the nature of *coram nobis* cannot be used as a substitute for a motion for a new trial, a motion to vacate a judgment, an appeal, a writ of habeas corpus, or some other proper and available procedure for obtaining relief for the defendant in a criminal case. In other words, if an issue in the case, concerning which relief is sought by the defendant, could have been raised by a remedy other than *coram nobis*, the issue cannot be reviewed in a *coram nobis* proceeding. *Id.*

As the Eleventh Circuit recognized in *Moody*, broadening the scope of claims for which the writ of error *coram nobis* may be issued may render the statutory limitations on post-conviction relief meaningless and "the writ would no longer be extraordinary. More troublesome still, such a

remedy would prolong litigation once concluded, thus thwarting society's compelling interest in the finality of criminal convictions." *Moody v. United States*, 874 F.2d at 1577 (citation omitted).

Like Moody, Defendant failed to avail himself of other remedies available to him. *See Moody v. United States*, 874 F.2d at 1578. Defendant has failed to demonstrate that "sound reasons" exist for failing to seek relief on his claim that the Court erred in imposing his 188-month sentence. *See id.* In fact, Defendant fails to provide any reason whatsoever why he failed to pursue relief under § 2255.

As discussed *supra*, Defendant requested copies of case-related documents in 2004, but failed to explain why he needed the documents. The Court cannot conceive of any reason Defendant would need a copy of transcripts of his criminal proceedings other than to seek relief from the conviction under § 2255. Yet, Defendant waited nearly one full year before contacting the Court again. The Court finds that Defendant has failed to show that an extraordinary circumstance beyond his control made it impossible for him to pursue statutory avenues of relief available to him.

Finally, although Defendant did not perfect a timely appeal, *see* Fed. R. App. P. 4(b)(1)(A)(i), recourse was available to him pursuant to 28 U.S.C. § 2255. Defendant has had "an unobstructed procedural shot at getting his sentence vacated." *Wofford v. Scott*, 177 F.3d 1236, 1244 (11th Cir. 1999). As the Eleventh Circuit acknowledged in *Wofford*, this "does not mean he took the shot, or even that he or his attorney recognized the shot was there for the taking. All the Constitution requires . . . is that the procedural opportunity have existed." *Id.*

Having conducted a review of the record, applicable statutes, and controlling case law, the Court finds that under these circumstances, *coram nobis* relief is not available to Defendant. See

*United States v. Garcia*, 181 F.3d 1274 (11th Cir. 1999); *United States v. Brown*, 117 F.3d 471, 475 (11th Cir. 1997).

**ACCORDINGLY**, the Court ORDERS that Defendant's Petition for "Writ of Error -- Coram Nobis" Pursuant to Title 28 U.S.C. Section 1651(a) (Dkt. 82) is **DENIED**.

**DONE** and **ORDERED** in Tampa, Florida on May 17, 2005.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

SA/jsh

Copy furnished to:
A. Lee Bentley, III, United States Attorney's Office
*Pro Se* Defendant

S:\PDF TEMP FILE\02-cr-88.GarrettOrder.wpd